IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN R. STANLEY,

      Plaintiff,

                                   Civil Action 2:11-cv-00791
v.                            JUDGE GREGORY L. FROST
                                   Magistrate Judge Elizabeth P. Deavers

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## ORDER

Plaintiff, John R. Stanley, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income. This matter is before the Court for consideration of the August 7, 2012 Report and Recommendation of the United States Magistrate Judge (ECF No. 16), Plaintiff's Objections to the Report and Recommendation (ECF No. 17), and the Commissioner's Response to Plaintiff's Objections (ECF No. 18). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

### I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.

R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted).  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## II.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge.  In his Objections, Plaintiff submits the same arguments as he did in his Statement of Errors.  Specifically, Plaintiff objects to the Magistrate Judge's recommendation of the finding that Plaintiff had achieved medical improvement after April 1, 2009.  As Plaintiff

2

notes, the ALJ had found that Plaintiff was disabled from February 1, 2006 to April 1, 2009, primarily due to his diabetes, although he also considered additional severe impairments of borderline intellectual functioning, coronary artery disease, hypertension, depression, and ulnar nerve entrapment. Plaintiff again advances the argument in support of reversal, that the evidence does not support a finding of medical improvement which is related to Plaintiff's ability to work as of April 2, 2009. According to Plaintiff, his diabetes was not controlled. He cites to some medical evidence in the record to suggest that Plaintiff had, at times, very poor control of his diabetes. Plaintiff maintains that, while the record reflects that he improved slightly in 2009, there was no improvement related to his ability to perform work.

First, the Court notes that Plaintiff's objections unpersuasive insofar as they track the contentions within his Statement of Error and do not attempt to engage the Magistrate Judge's analysis. *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted). Plaintiff argues as he did in his Statement of Errors that the ALJ's finding of medical improvement was based primarily on occasional instances of Plaintiff's diabetes being better controlled, but that the totality of the evidence shows that the disease was poorly controlled. The Magistrate Judge rejected Plaintiff's contention, explaining as follows:

> Here, the undersigned finds that substantial evidence supports the ALJ's medical improvement decisions. First, based on a comparison of the medical evidence, the ALJ was reasonable in concluding that Plaintiff's conditions improved after April 1, 2009. Plaintiff was admitted to the hospital in January 2006 due to a myocardial infarction. Prior to April 1, 2009, Drs. Schlie and Lee, routinely opined that Plaintiff's diabetes was poorly controlled. Treatment records reflect that during this period Plaintiff experienced frequent fluctuations in blood sugar and high hemoglobin A1C levels. Furthermore, from February 2006 through May 2009,

>Plaintiff was hospitalized on several occasions due to chest pain and diabetic ketoacidosis.
>
>After April 1, 2009, much of the medical evidence indicates that Plaintiff's conditions improved.  First, the treatment notes of Dr. Lee, Plaintiff's treating endocrinologist, reflect improvement in Plaintiff's diabetic condition during this time frame.  On April 7, 2009, Plaintiff reported that his blood sugar numbers were within the target ranges in the mornings and before lunch, with some higher readings, in the 200s, before dinner.  (R. at 524.)  Plaintiff noted that he had only three episodes of hypoglycemia within the past four months.  (*Id.*)  Based on this information, Dr. Lee's notes reflect that Plaintiff's blood sugar control was doing better.  (*Id.*)  She also noted that Plaintiff's hemoglobin A1C had improved at this time.  (*Id.*)  In August 2009, Plaintiff stated to Dr. Lee that he had a few recent episodes of hypoglycemia, but admitted that he had not been eating much for lunch.  (R. at 550.)  Plaintiff denied any readings over 200 and his most recent hemoglobin AC1 was down to 7.5%.  (*Id.*)  Overall, Dr. Lee opined that Plaintiff's blood sugar numbers were "under fairly good control."  (R. at 550.)  Additionally, treatment records reflect that ophthalmology and foot examinations in the summer of 2009 had yielded normal findings.  (R. at 543, 551.)
>
>Testimony from the medical experts also suggests improvement to Plaintiff's conditions during the relevant period.  With regard to Plaintiff's heart condition, Dr. Fischer testified that while Plaintiff's ejection fraction was satisfactory following hospitalization in 2006, ejection fraction results from a June 2009 stress test were excellent.  (R. at 13.)  Although Dr. Fischer testified that Plaintiff's diabetes was poorly controlled, he also suggested that Plaintiff's kidney problems, which he implied had contributed to Plaintiff's periods of hospitalization, had improved by September 2009.  (*See* R. at 14–15, 17.)   Furthermore, at the April 2010 administrative hearing, Dr. Smiley opined that Plaintiff's diabetes was "reasonably well controlled on his current insulin regimen."  (R. at 47.)  Finally, in addition to Dr. Lee's treatment notes and the medical expert testimony, the record before the ALJ contained no evidence of further hospitalization for Plaintiff's diabetes and heart conditions following April 1, 2009, providing another reason to infer that Plaintiff's conditions had improved.
>
>The undersigned recognizes, in considering medical improvement, that in September 2009 Dr. Schlie indicated that Plaintiff's blood sugar was not well controlled on the day of her examination.  (R. at 543.)  At the same time, however, Dr. Schlie recognized that Dr. Lee's recent treatment notes had reflected that she was generally satisfied with Plaintiff's blood sugar levels.  (*Id.*)  Dr. Schlie also noted that Plaintiff had been eating just two meals a day, and, therefore, only taking his coverage medication twice a day.  (*Id.*)  Ultimately, this evidence is simply not strong enough, in light of the indications of improvement outlined above, to make the ALJ's medical improvement determination unreasonable.

(Report and Rec. 19-22 (footnotes omitted), ECF No. 16.)  Plaintiff offers no authority in his

Objections that undermines the Magistrate Judge's determination with regard to this issue.  The

Court finds the Magistrate Judge's recommendations regarding Plaintiff's medical improvement persuasive and therefore, finds Plaintiff's Objections to be without merit.

The Court also finds Plaintiff's Objection with regard to his position that the evidence does not support the conclusion that his medical improvement related to his ability to work equally unavailing. In his Objections, as in his Statement of Errors, Plaintiff asserts that the ALJ found that, prior to achieving medical improvement, Plaintiff could sit for four hours in an eight hour day, stand or walk for two hours in an eight hour day, and was required to have the option to change positions at will at least every hour. As of April 2, 2009, the ALJ found that Plaintiff could sit for six hours in an eight hour day, stand or walk for four hours in an eight hour day, and still required the option to change positions every hour. For the earlier period of time, the ALJ found that Mr. Stanley could lift or carry 10 pounds occasionally or frequently but that as of April 2, 2009, he could lift or carry 20 pounds occasionally and 10 pounds frequently. Plaintiff again contends that any medical improvement was not improvement related to his ability to perform work.

The Magistrate Judge analyzed this contention of error as follows:

> In addition to finding medical improvement, the ALJ also found that such improvement was related to Plaintiff's ability to perform work. Despite various medical opinions suggesting that Plaintiff could perform light work, the ALJ restricted Plaintiff to sedentary work from February 1, 2006 to April 1, 2009. The ALJ's RFC determination for this period emphasized the instability of Plaintiff's diabetic condition at this time as well as the frequent hospitalizations for his diabetic and heart conditions. (*See* R. at 80–81.) After finding medical improvement, the ALJ evaluated Plaintiff's RFC after April 1, 2009, and found that Plaintiff was capable of a reduced range of light work.
> Substantial evidence supports the ALJ's finding that Plaintiff's medical improvement was related to his ability to work. More specifically, the ALJ was reasonable in concluding that Plaintiff's RFC increased to light work beginning on April 2, 2009. As detailed above, the record evidence reflects that Plaintiff's conditions improved after April 1, 2009. Furthermore, Drs. Congbalay, Cho, Fischer, and Smiley all issued medical opinions suggesting that Plaintiff was capable

5

>of a reduced range of light work.  Although the ALJ chose to assign a more restrictive RFC during the period when the medical evidence reflected that Plaintiff's conditions were at their worst, such a finding did not preclude the ALJ from considering these medical opinions after finding that medical improvement had occurred.  Ultimately, when combining the evidence of medical improvement with the various medical opinions in this case, the ALJ was justified in inferring that beginning on April 2, 2009, Plaintiff's conditions had improved to a point where he could perform a reduced range of light work.

(Report and Rec. 22–23 (footnote omitted), ECF No. 16.)

The Court finds that the Magistrate Judge correctly concluded that Plaintiff's medical improvement was related to his ability to perform work.  Again, Plaintiff offers no response to the evidence upon which the Magistrate Judge relied, instead asserting, without citations to the record or the law, that any improvement in his medical condition in the Fall of 2009 was not related to his ability to perform work.  Thus, the Court, like the Magistrate Judge, finds no error.

### III.

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections (ECF No. 17), **ADOPTS** the Report and Recommendation (ECF No. 16), and **AFFIRMS** the Commissioner's decision.  The Clerk is **DIRECTED** to enter judgment in favor of Defendant and to close this case.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　/s/   Gregory L. Frost
　　　　　　　　　　　　　　　　　　**GREGORY L. FROST**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

6